3-10-0686, people of the state of Illinois, and I believe that Councilor Stephanie Speakman. Councilor, you may proceed. Thank you. Thank you, ladies and gentlemen. I'm pleased to report, my name is Stephanie Speakman, S-P-E-A-K-M-A-N. And I represent the defendant, Appalachian Calvin Hill. The issue here is really quite simple. It's a statutory summary. There was a petition to rescind the statutory summary suspension filed by Mr. Hill's attorney. There was a hearing. During the hearing, an officer testified.  And then he said that when Mr. Hill got out of his vehicle, he jumped out while he stumbled out. It was early in the morning. It was about 1-30 in the morning. That Mr. Hill was somewhat combative. He didn't. The officer told him to get back in his car, and Mr. Hill stood in his own driveway and said, Leave me alone. I'm home. What is the reason for the stop? According to the officer, the reason for the stop was he wasn't wearing a safety belt. And if we back up just a little bit, the officer testified he was at a traffic light. He saw the vehicle go by, which as the state brought it out in the cross-examination, at that point he noted that he was not wearing his safety belt and proceeded to follow him. There was also, and there was some, again, in the state's cross-examination, as this was a petition to rescind, in the state's cross, the officer stated that he followed the vehicle in part because of a dispatch he received regarding the vehicle that matched that description, having driven erratically. That was objected to. The judge said, I'll let it in, but only for what it's worth, not for the truth that there was any erratic driving. In fact, the officer's testimony was he noticed no erratic driving, and he did turn his lights on after a few turns to curb the vehicle. The vehicle proceeded for about a half a block, pulled into the driveway, which the officer was able to ascertain. He wasn't clear on whether it was before or after that he ascertained that this was, in fact, the defendant's driveway. So he gets out of the car. The officer testified, he eventually testified there was some blood on Mr. Hill's arm and that he was combative because he was combative. He never offered him the field sobriety test. He did smell alcohol, but he never did offer him field sobrieties. He arrested him for DUI and took him away. The reason I ask, I don't see it in your brief anything about seatbelts. It is not in my brief because, in fact, at the petition to rescind, there was no argument regarding the basis for the stop. It was all about the basis to arrest. So you think he had a basis for the stop? I think based on it, there's nothing to contradict the testimony that Mr. Hill was not wearing a seatbelt. So as to that, yes, there was a basis for the stop. But, again, the argument here in what was presented at the trial court is that there was clearly no basis for the arrest. And the critical point here, and I think it's emphasized in the statement of facts, this case was heard. Judge Bolden made his decision. The counsel filed some case law and a motion to reconsider. Judge Bolden restated his decision. And, in fact, restated it a third time. And each and every time Judge Bolden stated his decision, he said, and the fact that the defendant refused to take the field sobriety test. So he's talking about, as the judge is supposed to do in these situations, he's looking at the totality of the circumstances, what was the officer's reasonable belief, and why the officer came to his conclusion. Smell of alcohol, some stumbling and thick-tongued speech, and refusal to take the field sobriety test. Every time. And of particular note. Does alcohol have a smell? You know, the police officers will always say that there is a smell of alcohol emanating from the breath of a defendant. I've done these. Let me tell you how many I've done. That's what they always say. I don't know. But every time. And in the third time, the judge even goes into more detail. And actually, I think it's actually quoted in the, I had it over here. As quoted in the state's responsive brief, the judge says, when the police officer confronted him, he stubbled out of the car, he addressed the officer with vulgar language, responded in a way that the officer determined he was intoxicated, didn't want to take the field sobriety test, which was a perfect right to do. But once you do that, the police officer has a right to make a judgment based on his experience whether or not this person was under the influence and saw him driving. There was not only no testimony that Mr. Hill refused the field sobriety test. In fact, the testimony was 100% opposite. The officer testified. Actually, I recrossed questions by the state, if I recall the record correctly, that he didn't even, the guy was combative, so he didn't offer field sobriety tests. If he hadn't been combative, he would offer him field sobriety tests and a breathalyzer. But aside from the field sobriety issue, if you just count that or find it erroneous, assuming it's erroneous, the question is, was there sufficient evidence to justify the arrest here? And the fact that the officer indicated that he was stumbling out of the vehicle, that he used the door to support himself, that the defendant smelled strongly of alcohol, he had slurred speech, had butt shot, glassy eyes. There are a legion of cases saying that supports an arrest. That may be true. However, it doesn't always support the arrest. There are cases that you all probably don't ever see where that doesn't, isn't enough to support an arrest. And again, the judge is making his, he's double checking, if you will, whether or not the officer did the right thing. And when the judge repeatedly, not once, not twice, three times, in his analysis, talks about how this was, in his mind, important when he was evaluating the officer's decision, I think that does make the judge's decision manifestly erroneous. And I think even, given that, to me, it's almost like the judge is setting a conditioned precedent. And I know the appellate prosecutor is going to argue that it's irrelevant what the judge said about these nonexistent field sobriety tests. But I would posit that it is incredibly relevant. Because the judge's job in these cases is to put himself in the mind of the police officer and say, okay, when I look at all this, do I have enough? Did this officer have those reasonable grounds? And when the judge- What's lacking in those other grounds? I think Justice Carter's asking that question. Well, I think based on what the judge said, he was adding the additional condition that he took it, and I think what I just read talks about this, is that he's taking it that the officer also included in his calculus this refusal to take the field sobriety test. Which, obviously, we don't have the right to refuse field sobriety tests. And we know, I mean, it's very common that the refusal to take field sobrieties can give a negative inference. That's one of the things an officer would say. But he wouldn't take the field sobriety test, so based on what I observed in his failure- Is it possible this judge just didn't listen to the evidence and got it completely wrong? I think that is entirely possible, and a little disturbing, given that not only did he get it, but he got a transcript. But if a reviewing court looks at the record and sees, well, he articulated two or three things that are actually in the record, the third or fourth thing, there's no reasonable person to take the view that he refused a test that was never offered, isn't there still enough there to affirm the decision to drop one? I would say in this case there's not, because, again, as I have read the transcript and reviewed what the judge said, it repeatedly appears to me, and again, the passage, which is on page 70 to 71 of the record, in which he talks about he had a perfect right to refuse the field sobriety test, but when he does that, the officer has a right to make a judgment based on his experience, including adding into the calculus whether or not they refused the field sobriety test. If we agree with you, would we remand this for another hearing so the judge could make an evaluation based on the actual evidence, or would we just reverse it? Obviously my preference would be a rehearsal, but I think on the evidence a remand is probably more appropriate. But in this case the judge actually found that the officer had reasonable grounds to believe the defendant was driving under the influence, given the defendant fell out of his vehicle, isn't that what he said?  He disobeyed commands to stay in the vehicle, given that he smelled strongly of alcohol, had slurred speech, and appeared disheveled, and was uncooperative and used profanity. Isn't that in line with the testimony of the officer? I think those are in line, but again, It's based on the testimony of the officer. Those are clearly based on the testimony of the officer. However, again, when we look at what the judge said, not what he thought, No, I'm talking about just what the judge said. But it also included in that list, every single time he reemphasized his decision, he included this refusal to take field sobriety tests. I understand that. And so I think that's right. What I'm asking is, when you look at the officer's testimony and then compare that to the judge's finding, the judge's finding, that I just reiterated or went over, was in line with the officer's testimony, except for the refusal business. That's correct. But I think the refusal business, I don't feel you can just truncate it. Because, again, the refusal in this context works almost as a consciousness of guilt issue. And so when we're talking about what the judge made his decision based on, I don't think it's fair to just truncate it. Well, yeah, he found all the things that the officer said, but he added this other thing. And it's not as if he said, well, he had bloodshot glassy eyes and he said, you know, F you, when in fact the officer said to hell with you. I think this is a substantive part of the judge's analysis of why the officer had reasonable grounds, this failure to take the field sobriety test. And it's, again, as he said. If you take out the field sobriety test and you accept for the moment that the findings of the judge, based on the evidence, is not erroneous, those findings are not erroneous, is that enough to support the officers? In that hypothetical, if this were a case where the judge had never said. I just took that away. If the judge had never said it, then I would say that, yes, that probably would be sufficient, because the judge is in the position to view the evidence and view the testimony. I would point out just so that I'm sure you're all aware. As a matter of law, it would be sufficient for the officer to conclude that he was driving while under the influence of alcohol. Absent this additional condition. That was my hypothetical. But in that hypothetical, which is not our case, but in that hypothetical. So your real concern is that somehow the judge is weighting this factor, the erroneous factor, of refusing the field sobriety test. I think it's clear from the record. Not once, not twice, three times he says. And his refusal to take the field sobriety test. Now, you presented this, your trial counsel presented this to Judge Bolden. How many times did you tell him it's wrong to look at the testimony? Well, in fact, they presented it once. There was a trial. I wasn't trial counsel. I know. There was a trial. There was a motion to reconsider. I believe at that point Judge Bolden said, I don't want to reconsider without a transcript based on what you're telling me. They gave him a transcript. And he had the opportunity to review the transcript. And still said this. So he still can't review the transcript if he doesn't try. Is that correct? Well, you know, sometimes you get something in your mind. And you think things are the way you see them. And that you go with it. So, again, I think you can't just truncate. The erroneous factor clearly plays into the calculus of how the judge determines that the officer was correct in his analysis. And, therefore, I believe that the finding was erroneous. Counsel, you may proceed. Do you please report? Good afternoon, Your Honors. Counsel. In the theory that less is more, perhaps I should ask if there are any questions. I will point out. Is this a case where a broken clock is right twice a day? I mean, the judge has asked for a transcript, reads the transcript, and still comes out and doesn't get it right? In terms of the Spiels-Bridey test? Well, he's correct in all the other presentations. So I don't think I understand. Well, I mean, it is disturbing, isn't it? That the judge would make the error? Well, the second time was disturbing. Not the first time, but how many times? Well, the second time he said he was basing it upon his notes. So he wasn't basing it on the transcript. So his notes are in error when compared to the transcript. Apparently. Okay. And then when he reads the transcript, he still doesn't articulate the finding that's supported by the evidence. A single finding. A single finding, but it still is a finding. True, but even if we... But that's okay because he got the others right? Absolutely. We look at the totality. That's why I meant the broken clock. I see. Well, then, I would, before I go on, I would like to point out, when I was preparing for the case, I had cited a couple of cases. There's one in here that perhaps I should not have. People v. Fortney is on page 12 of my brief. In that case, actually, the officer did administer a field sobriety test, so I think I should retract that reliance upon that. Other than that, I think Allen is still appropriate. Here, the officer said based on the fact that it was uncooperative, he didn't even ask him to take the... Correct. Correct. So, I believe the judge's interpretation perhaps in his notes, and I don't know about what he is after he read the transcript, but from his notes and his perception of the evidence is that the refusal was based upon his uncooperative nature, not necessarily the fact that he was offered and refused. And, of course, refusal wasn't ever an issue in this case. So, whether he refused or not. That's a broad use of the word interpretation. Oh, his interpretation? Well, in his mind, anyway, that he believed that that was the state of events. How he would have believed that after the third reading of the transcript, I don't know. I mean he said it. Oh, yes. The petitioner has the responsibility to present a prima facie case that rescission was not appropriate, or that rescission was appropriate, that the suspension should not take place. The defendant offered no evidence that would negate the fact that he was under the influence of alcohol. The clear testimony of the officer was that he stumbled or fell out of his truck. He had slurred speech or thick-tongued speech. He had glassy eyes. He smelled of alcohol. Under the totality of the circumstances, the police officer, even with or without the misapprehension by the judge of the other factor, the police officer had probable cause to arrest him for driving under the influence. Does alcohol have an odor? Yes. It does? Well, it depends upon what— Or is it a beverage, alcoholic beverage? Well, the—once you've—people have consumed alcohol. You can tell from their breath, at least in my experience. I believe— On those rare occasions. On those rare occasions, yes. Not that I know too much about that. Can we ask that you reaffirm the— Thank you, Your Honor. Counsel. Just so—it's in the brief on page 4, just so that you have it for your notes. The initial decision of the judge is at R46. The second decision after the first reconsideration, which was done without the benefit of the transcript, is at 60. And then the final is at 70-71, the first time he makes this decision. He said, as he approached the defendant, it was clear he had a lot to drink. He refused any kind of testing. And the officer made a judgment as to whether or not this person had been driving under the influence. Again, I think it was critical in the judge's decision that this refusal occurred, which is why it's manifestly erroneous. And if you have no further questions, I think we've—we'll explore this. Thank you, Counsel. Thank you. The court will take this case under advisement and render a decision with dispatch.